## MIDDLETON, *Respondent,*
*v.*
## U. S. PLYWOOD, *Appellant.*
### (No. 48502, CA 7682)

567 P2d 575

Keith D. Skelton, Portland, argued the cause and filed the brief for appellant.

Gregory L. Decker, Albany, argued the cause for respondent. On the brief were Emmons, Kyle, Kropp & Kryger and J. David Kryger.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

PER CURIAM.

## PER CURIAM.

Claimant in this workers' compensation case received a 64 degree or 20 percent unscheduled low-back disability award from the Workers' Compensation Board. The hearing officer and the circuit court awarded him permanent total disability. The employer appeals from the latter award.

Claimant, then a 41-year-old millwright, suffered a second compensable injury to his low back on November 5, 1973. The injury is not completely incapacitating, however the claimant tends to exaggerate the severity of its disabling symptoms. The doctors agree that his complaints are sincere.

No end would be served in setting out the facts in detail. It is sufficient to say that our review of all the evidence, *see, Wilson v. Weyerhaeuser,* 30 Or App 403, 567 P2d 567 (1977), leads us to agree with the summary of the Workers' Compensation Board:

> "* * * The opinions expressed by the doctors who have treated and/or examined claimant indicate that his overall physical disability is in the range of mildly-moderate and that his disability as it relates to the industrial injury is mild. It is true that claimant has substantial functional overlay, however, there is no evidence that clearly indicates that claimant is not reemployable in his present condition even though he has not returned to work since his November 5, 1973 injury. Claimant is only 44 years old and he does have an 8th grade education and he has had experience working in the shipping department for his present employer. There is no reason to believe that he cannot be retrained to do the type of work which does not require lifting, bending and twisting stresses.
>
> "Claimant has contended that his November 5, 1973 injury superimposed upon his prior problems and residual disabilities has resulted in preventing him from returning to a gainful and suitable occupation on a regular basis. Claimant received 35% of the maximum allowable for unscheduled disability as a result of his

1967 injury and he has received an additional 20% of the maximum for his 1973 injury, giving claimant a total of 55% of the maximum."

Reversed.